**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____     )
                                        )
**KHADIM ALKANANI**,                    )
                                        )
       Plaintiff,               )
                                        )
       v.                       )     Civil Action No. 09-1607 (RWR)
                                        )
**AEGIS DEFENSE SERVICES, LLC**,        )
**et al.**,                             )
                                        )
       Defendants.              )
_____     )

## MEMORANDUM ORDER

    Plaintiff Khadim Alkanani, a former United States soldier, brought this action against Aegis Defense Services, LLC ("Aegis LLC") and Aegis Defence Services Limited ("Aegis UK") alleging various common law torts.  (Compl. ¶¶ 1, 54-71.)  Aegis LLC has moved unopposed for summary judgment arguing that it did not exist at the time of the incident giving rise to the complaint and, therefore, it is not responsible for the alleged acts.  (Aegis LLC's Mot. for Summ. J. ("Def.'s Mot.") at 1.)  Because the motion is unopposed and Aegis LLC has shown that it did not exist as a corporate entity at the time of the alleged incident, Aegis LLC's summary judgment motion will be granted.

## DISCUSSION

    To succeed on a motion for summary judgment, the movant must show that there are no genuine issues of material fact in dispute and that the movant is entitled to judgment as a matter of law.

-2-

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Even when a summary judgment motion is unopposed, a court still must determine whether the moving party is entitled to summary judgment.  See Fed. R. Civ. P. 56(e)(2) ("If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." (emphasis added)).  When a summary judgment motion is supported by a statement of genuine issues of material fact that is not disputed, the statement will be deemed admitted in its entirety.  See, e.g., Innovative Staffing Solutions, Inc. v. Greater Southeast Cmty. Hosp. Corp. I, Civil Action No. 07-01075 (HHK), 2007 WL 4125424, at *1 (D.D.C. Nov. 19, 2007).

Alkanani alleges that he was shot by unidentified Aegis employees,[1] who were at all relative times performing security services on behalf of Aegis, during an intelligence mission in Bagdad on June 3, 2005.  (Compl. ¶¶ 23-24, 43.)  Alkanani asserts several causes of actions against Aegis, including intentional and negligent infliction of emotional distress and negligent

---

[1] The complaint treats Aegis LLC and Aegis UK collectively as "Aegis" (Compl. ¶ 1) and does not distinguish between Aegis LLC employees and Aegis UK employees.

-3-

hiring, training, and supervision.  (Id. ¶¶ 58, 61, 67.) Alkanani also asserts that Aegis failed to investigate and reprimand its employees for the alleged shooting.  (Id. ¶ 58.)

While a corporation is liable for the torts of its employees if committed within the scope of employment, Keys v. Wash. Metro. Area Transit Auth., 408 F. Supp. 2d 1, 4 (D.D.C. 2005), corporate liability attaches only upon corporate existence.  See Maytag Corp. v. Navistar Int'l Transp. Corp., 219 F.3d 587, 589 (7th Cir. 2000) (stating that "corporate liability ends with the corporation's existence").  Further, under Delaware law, a corporation does not exist until it files a certificate of formation with the Secretary of State.  "A limited liability company is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State[.]"  Del. Code. Ann. tit. 6, § 18-201(b).

It is undisputed that Aegis LLC filed its certificate of formation with the Delaware Secretary of State on May 30, 2006. (Def.'s Stmt. of Material Facts ¶ 1; Def.'s Mot., Ex. 1, Decl. of Kristi Clemens ¶ 3, Ex. 2.)  It also is undisputed that Aegis LLC was not a party to the service contract awarded by the U.S. Department of the Army to Aegis UK on May 25, 2004, and that Aegis LLC did not provide security services under the contract. (Def.'s Mot., Ex. 1, Decl. of Kristi Clemens ¶¶ 9-11.)  Because the plaintiff has not opposed the defendant's motion for summary

-4-

judgment and Aegis LLC has presented undisputed evidence that it was not formed as a corporation until nearly a year after the alleged shooting, the defendant's summary judgment motion will be granted.[2]

CONCLUSION AND ORDER

Because Aegis LLC's motion for summary judgment is unopposed and Aegis LLC supports its motion with evidence that it did not exist as a corporate entity at the time the alleged injuries took place, summary judgment will be granted in Aegis LLC's favor. Accordingly, it is hereby

ORDERED that defendant Aegis Defense Services LLC's motion [12] for summary judgment be, and hereby is, GRANTED.

SIGNED this 8th day of February, 2010.

                                          /s/
                                 RICHARD W. ROBERTS
                                 United States District Judge

---

[2] The complaint also names unidentified Aegis employees and/or agents as defendants (Compl. ¶¶ 23-24), but there is no evidence that these employees have been served. However, because the complaint alleges that the unidentified employees were at all times acting within the scope of their employment and Aegis LLC has shown that it did not exist at the time of the alleged unlawful acts, claims against any unidentified employees who purportedly worked for Aegis LLC will be dismissed sua sponte under Fed. Rule of Civ. P. 12(b)(6). See, e.g., Peavey v. Holder, 657 F. Supp. 2d 180, 182 n.1 (D.D.C. 2009).